UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEY OLIVER,

    Plaintiff,

v.                                      Case No. 08-13951

DOUG VASBINDER, J. BARRETT,        HONORABLE AVERN COHN
L. FORD, G. SMOYER, S. WESTERN,
and HAYNES-LOVE,

    Defendants.

_____/

**ORDER
ADOPTING REPORT AND RECOMMENDATIONS OF MAGISTRATE JUDGE
AND
GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (Dkt. #26, 30)
AND
DENYING PLAINTIFF'S MOTION FOR TRO AS MOOT(Dkt. # 32)
AND
DISMISSING PLAINTIFF'S FEDERAL CLAIMS WITH PREJUDICE AND DISMISSING PLAINTIFF'S STATE LAW CLAIMS WITHOUT PREJUDICE
AND
CLOSING CASE**

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff generally claims that defendants, the warden, deputy warden, and housing and resident unit managers, harassed and retaliated against him in violation of his equal protection and due process rights under the Fourteenth and Eighth Amendments. He also claims violations of the Americans with Disabilities Act, the Rehabilitation Act, and the Rights of Institutionalized Persons Act, and various state laws. The matter was referred to a magistrate judge for all

pre-trial proceedings. Defendants[1] filed motions for summary judgment, to which plaintiff filed responses. Plaintiff also filed a motion for a temporary restraining order.

The magistrate judge issued a report and recommendation (MJRR), recommending that defendants' motions for summary judgment be granted (Dkt. # 39) and an MJRR recommending that plaintiff's motion for a TRO be denied as moot (Dkt. # 42).

For the reasons that follow, the MJRRs will be adopted, defendants' motions for summary judgment will be granted, plaintiff's motion for a TRO will be denied as moot, and plaintiff's federal claims will be dismissed with prejudice and his state law claims dismissed without prejudice.

II.

Neither party has objected to the MJRRs. As to the MJRR on defendants' motions for summary judgment, plaintiff requested and was given an extension of time in which to file objections. Objections were due on or before November 23, 2009. Plaintiff did not file objections.

The MJRR on plaintiff's motion for a TRO was filed on November 17, 2009. The time for filing objections has passed and plaintiff did not request an extension.

On November 17, 2009, however, plaintiff filed a paper styled "Preliminary Matter," in which he says he has had problems with the legal writing program which have prevented him from filing papers. He also outlines several actions which he alleges have been taken against him since the filing of this case. In the end, plaintiff asks the Court to dismiss his federal and state law claims without prejudice because he "no longer has the assistance from the legal writers program. . . [and] there is no way possible that plaintiff

---

[1] Defendant Vasbinder, who was served after the other defendants, filed a separate motion for summary judgment.

can follow through filing this civil action." The Court construes this filing as a request for voluntary dismissal.

Under Rule 41, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Unless the order states otherwise, a dismissal under Rule 41(a)(2) is without prejudice. Id. The matter is well-defined by the Sixth Circuit:

> Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court. The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment. Generally, an abuse of discretion is found only where the defendant would suffer "plain legal prejudice" as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit.
>
> In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.

Grover ex rel. Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994) (citations omitted). The Sixth Circuit considers Grover to be a guide to determining if unfairness exists, but the list is "not an exclusive or mandatory list." Rosenthal v. Bridgestone/Firestone, Inc., 217 Fed. Appx. 498, 502 (6th Cir. 2007).

Here, defendants moved for summary judgment on all of plaintiff's claims. The magistrate judge recommends that plaintiff's federal claims be dismissed with prejudice because they fail on the merits. The Court agrees with the magistrate judge's analysis. Although plaintiff asks that all of his claims be dismissed without prejudice, defendants would suffer "plain legal prejudice" after having defended the case since its filing in September 2008 and prepared a summary judgment motion addressing the substance of plaintiff's federal claims. Moreover, plaintiff responded to the motion and is not an

inexperienced litigator.[2]  Accordingly, plaintiff's federal claims will be dismissed with prejudice for the reasons stated in the MJRR.

As to plaintiff's state law claims, because the magistrate judge recommends that they be dismissed without prejudice and defendants have not objected, they will be dismissed without prejudice.

Given these determinations, the Court agrees with the magistrate judge that plaintiff's motion for a TRO is moot.

III.

For the reasons stated above, the MJRRs are ADOPTED as the findings and conclusions of the Court.  Defendants' motions for summary judgment are GRANTED.  Plaintiff's motion for a TRO is DENIED AS MOOT.  Plaintiff's federal claims are DISMISSED WITH PREJUDICE.  Plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE.  This case is CLOSED.

SO ORDERED.

Dated:  December 2, 2009             s/ Avern Cohn
                                     AVERN COHN
                                     UNITED STATES DISTRICT JUDGE

---

[2]As the magistrate judge noted, this is the third of three case plaintiff filed in this district against various prison officials regarding the conditions of his confinement.  Like this case, the other two cases were referred to magistrate judges before whom defendants filed motions for summary judgment.  In the first case, 07-12672, a magistrate judge issued an MJRR on October 29, 2009 recommending that defendants' motion for summary judgment be granted.  In the second case, 08-11768, plaintiff has yet to file a response to defendants' summary judgment motion.

                                         **08-13951 Oliver v. Vasbinder, et al**
                                          **Order Adopting R&R, etc.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed Joey Oliver, 210352, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201 to the attorneys of record on this date, December 2, 2009, by electronic and/or ordinary mail.

                                                      s/ Julie Owens
                                                      Case Manager, (313) 234-5160